## THUNBERG v. PANAMA R. CO.

### No. 85.

Circuit Court of Appeals, Second Circuit.

Nov. 18, 1943.

568

Silas Blake Axtell, of New York City (Lucien V. Axtell, of New York City, of counsel), for plaintiff-respondent-appellant.

Wayne Johnson, of New York City (Thomas J. Maginnis and Arthur P. Loughran, both of New York City, of counsel), for appellant-respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

There was ample evidence to justify the jury in believing that, when working on defendant's ship and in the course of his employment, Thunberg slipped and fell while descending a ladder; that his fall aggravated an existing hernia, causing it to become strangulated; that this condition caused him pain and suffering and his death. There was evidence that sacks of potatoes were stored near the ladder in such a way that some of them protruded between the rings of the ladder and so as to obscure adequate vision of

the rungs. There was no direct evidence that the presence of these sacks caused decedent to slip and fall, but the jury could reasonably make such an inference and could therefore reasonably find the defendant negligent. There was no such evidence of contributory negligence as to justify setting aside the verdict; that other seamen had successfully negotiated the ladder is not sufficient to compel the conclusion that there was such negligence.

The trial court did not err in permitting the amendment as to pain and suffering to conform to the proof. Evidence bearing on that subject sufficient to sustain a verdict with respect thereto was admitted under the second cause of action. It is plain that the amendment did not catch defendant unawares. We need not consider whether the trial court erred in dismissing the second cause of action, as that question is academic.

Affirmed.